**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW R. WEIDMAN, SR., | ) | CASE NO.: 1:17CV1262 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Andrew R. Weidman, Sr. to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Weidman's appeal of the Social Security Administration's decision to deny his claim for disability and disability insurance benefits.

For the reasons stated below, the objections are overruled. The R&R is hereby ADOPTED, and the decision of the Commissioner is hereby AFFIRMED.

**I.   Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of*

*Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Weidman's Objections

In his first objection, Weidman contends that the R&R erred when it found that the ALJ committed no error in the analysis of his credibility. Weidman's argument in its totality reads as follows:

> In support of this contention, the Magistrate Judge pointed out that the ALJ found that Weidman's "description of his symptoms was not entirely consistent with the evidence of record." (p. 17 of the R&R). In support of this finding, the Magistrate Judge found that Weidman's epidural steroid injections were not "surgical interventions", but rather could be characterized as a "conservative course of treatment." (p. 18 of the R&R). This is contrary to the way in which these procedures are performed – sterile conditions with fluoroscopic guidance (Tr. 479-480, 471-472). Even though these procedures were not invasive surgery, the procedures are more than a conservative course of treatment. As such, the ALJ's credibility analysis was not supported by the evidence in the record.

Doc. 21 at 1. In framing this objection, Weidman ignores the remainder of the R&R's analysis. In reviewing the record, the R&R did not solely rely upon the lack of surgical intervention when reaching its conclusion. Instead, the R&R noted in detail the numerous aspects of Weidman's medical records that did not align with his personal testimony. Weidman's objection does not address any of the other inconsistencies detailed by the R&R. This Court's *de novo* review of this portion of the R&R reveals no error. The R&R correctly determined that the ALJ properly compared Weidman's testimony to the objective medical evidence and highlighted the inconsistencies. Accordingly, Weidman's first objection lacks merit.

In his remaining objections, Weidman contends that the ALJ erred when he discounted the

weight of the opinion of his treating physician. This Court disagrees.

The Sixth Circuit has thoroughly detailed the law surrounding the weight to be given to the opinion of a treating physician.

> The source of the opinion therefore dictates the process by which the Commissioner accords it weight. Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id*., as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, id. § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id*. § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 544 (6th Cir. 2004).

*Gayheart v. Comm'r of Soc. Sec*., 710 F.3d 365, 376 (6th Cir. 2013). An ALJ, however, is not required to provide an "exhaustive factor-by-factor analysis" in order to decline to give the treating source opinion controlling weight. *Francis v. Comm'r of Soc. Sec*., 414 Fed. Appx. 802, 804 (6th Cir. 2011). So long as the decision "permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion," we look past such procedural errors. *Id.* at 805 (citation omitted).

Herein, the ALJ stated as follows with respect to the opinion of the treating physician:

As for the opinion evidence, the claimant's treating doctor, JR Ziegler, Jr. MD filled out a "Multiple Impairment Questionnaire" dated February 18, 2013. He opined the claimant could sit one hour and stand/walk two hours in an eight-hour workday, and needs to get up and move around every hour. Dr. Ziegler indicated to "see functional capacity evaluation" with regard to the claimant's lifting and carrying

> (9F). This statement is given some weight. The noted "functional capacity evaluation" is not included in the medical evidence of record. However, many limitations noted in the questionnaire were noted as "per the patient," rather than the doctor's own opinion. Further, the evidence does not support such extreme limitations, nor does it support that he would miss work two to three times a month. Dr. Ziegler's own examination findings are mild. The claimant has a normal gait and full strength.

Doc. 9 at 23.

Similar to his first objection, Weidman's remaining objections appear to isolate a singular statement in the R&R and contend that it demonstrates error. Weidman argues as follows:

> During these examinations, Dr. Placeway reported that there was x-ray evidence of some degenerative arthritic changes (Tr. 412) and that an MRI revealed lumbar spondylosis (Tr. 469). The Magistrate Judge, however, found that the ALJ was correct when he contradicted the findings of Weidman's physician and opined that the doctor's findings were inconsistent with the diagnostic imaging (p. 23 of the R&R).

Doc. 21 at 2. Based upon that assertion, Weidman contends that the ALJ erred when he gave less than controlling weight to the treating physician. In reaching this conclusion, Weidman once again ignores the remaining analysis performed by both the ALJ and the R&R. The R&R resolved the issue with the following analysis:

> As discussed above, the ALJ's discussion of the medical record noted that Weidman's physical examinations showed some pain on range of motion, lumbar tenderness, and an antalgic gait on a few occasions, but his examinations routinely demonstrated good strength, sensation, reflexes, stability, and normal gait. (See Tr. 190-193; see also Tr. 40-41, 60-61,115, 133-134, 147, 151, 411, 439, 476, 485, 493, 508) The ALJ also found that Dr. Placeway's findings were inconsistent with the diagnostic imaging. (Tr. 189, 191) The ALJ also cited to and discussed Weidman's July 2015 MRI, although the ALJ stated that the MRI of Weidman's lumbar spine occurred on June 30, 2015. (Tr. 191, 468-69) The ALJ noted that the MRI demonstrated normal disc height, no spinal canal stenosis, and facet hypertrophy more pronounced on the left producing mild foraminal stenosis, and no LS or S1 root compromise. (Id.) The ALJ noted that the x-ray of Weidman's lumbar spine taken on November 9, 2012 "demonstrated minor spurring at Ll-2, with some degenerative arthritic changes involving the facet joints at LS-S1." (Tr. 189) (citing Tr. 412) The ALJ also noted that Weidman was prescribed Vicodin and other medications and that he received lumbosacral epidural steroid injections. (Tr. 190-192) Thus, the ALJ analyzed and discussed the medical record and did not merely

"play doctor" as Weidman alleges.

Doc. 20 at 22-23. Weidman does not address any other aspect of the R&R's analysis. As a result, he has failed to demonstrate any error within the R&R. Accordingly, his remaining objections are overruled

### III. Conclusion

Weidman's objections are overruled. The Magistrate Judge's Report and Recommendation is ADOPTED. The judgment of the Commissioner is hereby AFFIRMED.

IT IS SO ORDERED.


Dated: August 16, 2018                    /s/ John R. Adams
                                          JUDGE JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE